UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON RICHARDSON and LILLIAN RICHARDSON, husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>CUISINART, INC., CONAIR CORPORATION, et al.,<br><br>Defendant. | CIVIL ACTION NO._____<br><br>(HONORABLE _____) |

NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, Defendant, CONAIR CORPORATION, on its behalf and on behalf of its CUISINART division incorrectly pleaded as Cuisinart, Inc. (hereinafter "Conair" or "Defendant"), a Delaware corporation, with its principal offices in Stamford, Connecticut, through their counsel, Connell Foley LLP, hereby remove to this Court the above styled action, pending as Case No. ESX-L-3323 in the Superior Court of New Jersey, Essex County, Law Division. Defendant believes that all of Plaintiffs' claims are without merit, and will dispute them at the appropriate time, but for purposes of removal state as follows:

1. Defendant desires to exercise its right under the provisions of 28 U.S.C. § 1441 to remove this action from the Superior Court of New Jersey, Law Division, Essex County, where the case is now pending under the name and style, Emerson Richardson and Lillian Richardson v. Conair Corporation, et al., Docket No.: ESX-L-3323-20.

5470773-1

Case 2:20-cv-07428-JMV-AME   Document 1   Filed 06/18/20   Page 2 of 4 PageID: 2

2. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed by Plaintiffs on or about May 15, 2020, in the Superior Court of New Jersey, Essex County, is attached hereto as Exhibit A.

3. Defendant Conair was served with the Summons and Complaint on May 20, 2020.

4. A copy of Defendant's Answer to the Complaint, also filed separately, is attached hereto as Exhibit B.

5. This action is removable to this Court by Defendant, pursuant to 28 U.S.C. §1441(a). A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014) (noting that 28 U.S.C. § 1446(a) by design tracks the "short and plain statement" pleading requirement of Fed. R. Civ. P. 8(a).) Accordingly, courts should apply the same liberal rules to removal applications that are applied to other matters of pleading. Id.

6. This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Complete diversity of citizenship exists between Plaintiffs and Defendant.

8. Plaintiffs are, upon information and belief, citizens of the State of New Jersey, residing in East Orange, New Jersey. (See Plaintiffs' Complaint, at Introductory Paragraph).

5470773-1

9.  Conair is, and was at the time of filing, a corporation formed under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut. (See Defendant's Answer Complaint, at Paragraph 2).

10. Cuisinart which is a division within Conair is not a separate legal entity. (See Defendant's Answer Complaint, at Introductory Paragraph).

11. Plaintiffs' allegations against the fictional defendants does not affect the fact that there is complete diversity in this case. "[T]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (b)(1); see also Joshi v. K-Mart Corp., No. CIV.A. 06-5448(JLL), 2007 WL 2814599, at * 2 (D.N.J. Sept. 25, 2007) (holding that unnamed defendants did not defeat complete diversity requirement of 28 U.S.C. § 1332).

12. As required by 28 U.S.C. § 1332(a)(1) and 1441(b)(2), complete diversity exists because no defendant properly served is a citizen of the same state as the plaintiff. Accordingly, there is diversity of citizenship between the parties.

13. Plaintiff Lillian Richardson alleges injury related to her use of a Conair product. (Exhibit A).

14. Plaintiffs' counsel relayed a demand to the undersigned in the amount of in excess of $75,000. As such, the amount in controversy exceeds $75,000.00.

15. Defendant therefore, present a good faith application to the Court that Plaintiffs' Complaint seeks damages in excess of the amount in controversy requirement of $75,000.00 in accordance with 28 U.S.C. § 1332.

16. The within Notice of Removal is hereby filed within thirty (30) days of Defendant's receipt of plaintiff's Complaint. See 28 U.S.C. § 1446(a) and (b).

**WHEREFORE**, Defendant, Conair Corporation, on its behalf and on behalf of its Cuisinart division, request that the above action now pending in the Superior Court of New Jersey, Essex County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

Connell Foley LLP<br>
Attorneys for Defendant,<br>
CONAIR CORPORATION, on its behalf and<br>
on behalf of its CUISINART division<br>
incorrectly pleaded as Cuisinart, Inc.<br>
<br>
By: _____<br>
Timothy E. Corriston, Esq.

Dated: June 18, 2020

## LOCAL CIVIL RULE 11.2

I, Timothy E. Corriston, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Connell Foley LLP<br>
Attorneys for Defendant,<br>
CONAIR CORPORATION, on its behalf and<br>
on behalf of its CUISINART division<br>
incorrectly pleaded as Cuisinart, Inc.<br>
<br>
By: _____<br>
Timothy E. Corriston, Esq.

Dated: June 18, 2020